IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIBERTY INSURANCE CORPORATION,

    Plaintiff,

v.

                                        Case No. 1:25-cv-00847-MIS-LF

SONIA VIGIL, DAVID VIGIL, and
CATHLEEN JARAMILLO as next
friend of D.J.,

    Defendants.

**ORDER STRIKING PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO *BRILLHART/MHOON* ABSTENTION, AND GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO *BRILLHART/MHOON* ABSTENTION**

    THIS MATTER is before the Court on Defendants Sonia Vigil, David Vigil, and Cathleen Jaramillo as next friend of D.J. ("Jaramillo," and collectively "Defendants")' Joint Motion to Dismiss Pursuant to Brillhart/Mhoon Abstention in Lieu of an Answer ("Motion"), ECF No. 7, filed October 16, 2025. Plaintiff Liberty Insurance Corporation ("Liberty") filed an untimely Response on November 7, 2025 ("Response"). ECF No. 11. For the reasons that follow, the Court will **STRIKE** the Response and **GRANT** the Motion.

**I.    Relevant Background**

    On August 29, 2025, Liberty filed a Complaint for Declaratory Judgment seeking a declaration that an insurance policy issued to Defendants Sonia and David Vigil provides no coverage for claims asserted against them by Defendant Jaramillo in an underlying state court action, and that Liberty has no duty to defend or indemnify the Vigils in the underlying state court action. See generally ECF No. 1. The Vigils have since filed a third-party complaint against Liberty in the underlying state court action asserting a parallel claim for a declaratory judgment,

and claims for breach of contract, breach of good faith and fair dealing/insurance bad faith, breach of the duties to defend and indemnify, and violations of the New Mexico Unfair Insurance and Unfair Claims Practices Act. See Mot. at 3; see also Defs.' Answer and Third Party Compl., Jaramillo v. San Miguel Cnty. Comm'n, Case D-412-CV-2025-00081 (N.M. 4th Jud. Dist. Ct. Oct. 2, 2025).

On October 16, 2025, Defendants filed the instant Joint Motion to Dismiss Pursuant to Brillhart/Mhoon Abstention in Lieu of an Answer. ECF No. 7. Plaintiff filed a Response on November 7, 2025. ECF No. 11.

## II.     Discussion

Pursuant to the Local Rules of this District, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Here, Defendants filed their Motion on October 16, 2025. ECF No. 7. Liberty had fourteen days—until and including October 30, 2025—to file a response. See D.N.M.LR-Civ. 7.4(a). Liberty filed its Response on November 7, 2025—eight days after the deadline established by the Local Rules. Consequently, the Court **STRIKES** Liberty's Response as untimely.[1]

---

[1] Deadlines to file responses and replies "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed." D.N.M.LR-Civ 7.4(a) (emphasis added). Implicit in this rule is that the Notice "must" be filed before the original filing deadline. Here, Liberty did not file a notice stating that the Parties agreed to an extension of the deadline to file a response, and any notice of agreed-upon extension filed at this stage would be untimely. See Order Denying County Defs.' Unopposed Mot. to Vacate Order Striking Defs.' Reply to Pls.' Resp. to County Defs.' Mot. for Summ. J., Alexander v. Lopez, Case No. 2:24-cv-00618-MIS-GBW, ECF No. 39 (D.N.M. Apr. 30, 2025) (denying motion to "vacate" order striking reply as untimely where the defendants filed a notice of agreed-upon extension of the reply deadline after the Court issued its Order striking the reply as untimely).

Although the Tenth Circuit Court of Appeals has held that "a district court may not grant a motion to dismiss <u>for failure to state a claim</u> merely because a party failed to file a response[,]" <u>Issa v. Comp USA</u>, 354 F.3d 1174, 1177 (10th Cir. 2003) (emphasis added) (citation modified), the Court has not found any binding authority holding that a district court may not grant a motion to dismiss on <u>abstention</u> grounds pursuant to a court's local rules for the plaintiff's failure to respond to the motion. Indeed, the Tenth Circuit has affirmed non-merits-based dismissals based on the application of local rules permitting district courts to grant motions as uncontested following a party's failure to respond. <u>See</u> <u>Parker v. Comm'r, SSA</u>, 845 F. App'x 786, 787-88 (10th Cir. 2021) (affirming Rule 12(b)(1) dismissal for lack of jurisdiction). Similarly, in <u>Lopez v. Cantex Health Care Centers II, LLC</u>, the Tenth Circuit affirmed an Order from this District striking the defendant's untimely responses to the plaintiffs' motions to remand, and granting the motions to remand as unopposed pursuant to Local Rule 7.1, because "a remand order is not a merits disposition because the case will continue in state court[.]" No. 23-2038, 2023 WL 7321637, at *4-5 (10th Cir. Nov. 7, 2023).

Likewise, here, granting Defendants' Motion to Dismiss on <u>Brillhart</u>/<u>Mhoon</u> abstention grounds is not a merits-based disposition because the case—including a parallel declaratory judgment claim regarding coverage and Liberty's duties to defend and indemnify—will continue in state court. <u>See</u> <u>id.</u>; <u>cf.</u> <u>Weitzel v. Div. of Occupational & Pro. Licensing</u>, 240 F.3d 871, 878 (10th Cir. 2001) ("Because we hold that abstention is proper, we will not address the merits of [the plaintiff's] claims."). Accordingly, pursuant to Local Rule 7.1(b), the Court **GRANTS** Defendants' Motion as unopposed, given Plaintiff's failure to file a timely response. <u>See</u> <u>Lopez v. Cantex Health Care Ctrs. II, LLC</u>, No. 1:22-cv-00824-KWR-JMR, 2023 WL 2206791, at *4, *12 (D.N.M. Feb. 24, 2023) (striking untimely responses to motions to remand, and granting motions

3

to remand as unopposed pursuant to Local Rule 7.1), aff'd, 2023 WL 7321637 (10th Cir. Nov. 7, 2023).

Alternatively, the Court grants Defendants' Motion on the merits. "[D]istrict courts have 'unique and substantial discretion' in determining whether to declare the rights of litigants when duplicative state proceedings exist." United States v. City of Las Cruces, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995)). "[D]istrict courts are 'under no compulsion' to grant declaratory relief but have discretion to do so." Id. at 1180 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942)).

> The question for a district court presented with a suit under the Declaratory Judgment Act, the [Brillhart] Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1316 (10th Cir. 2024) (quoting Wilton, 515 U.S. at 282). In State Farm Fire & Casualty Co. v. Mhoon, the Tenth Circuit espoused five factors district courts should consider when deciding whether to exercise jurisdiction to grant declaratory relief:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d 979, 983 (10th Cir. 1994) (citation omitted).

The first two Mhoon factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court." City of Las Cruces, 289 F.3d at 1187. Here, a declaration regarding whether the insurance policy covers Jarmillo's claims against the Vigils

4

would not fully resolve the dispute between the Parties.  The Vigils have pending state law claims against Liberty in the state court action that would still need to be resolved, including claims for breach of good faith and fair dealing/insurance bad faith, and violations of the New Mexico Unfair Insurance and Unfair Claims Practices Act.  And although a ruling on Liberty's Complaint would clarify the legal relations at issue, the state court is perhaps better equipped to clarify said legal relations, as "the Fourth Judicial District of New Mexico often moves very quickly and is able to decide issues before th[is] Court can reach them."  Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc., 148 F. Supp. 3d 1206, 1226-27 (D.N.M. Oct. 31, 2015).  Therefore, the first two Mhoon factors weigh in favor of abstention.  See id.

As to the third Mhoon factor, although Defendants argue that "[i]t is apparent that Liberty is attempting to use [the] federal district court for procedural fencing and attempting to win the race to res judicata[,]" Mot. at 7, the Court is not convinced that their evidence—which is simply the timeline of events leading to this action—fully supports the argument.  Thus, the Court cannot find that the third Mhoon factor weighs in favor of abstention.

However, the fourth factor weighs heavily in favor of abstention.  Because state law governs the interpretation of insurance contracts in diversity cases like this one, Am. Sw. Mortg. Corp. v. Cont'l Cas. Co., 84 F.4th 910, 913 (10th Cir. 2023), "a state court's determination of insurance coverage is typically preferable to the Federal Court's determination, particularly when there are no issues of federal law presented[,]" Century Sur. Co. v. Roybal, Civ. No. 11–1107 BB/ACT, 2012 WL 13005437, at * 4 (D.N.M. Aug. 23, 2012).  Here, New Mexico law governs Liberty's claims regarding coverage and duties owed to the Vigils.  "Comity and efficiency both require that the federal court not get in the way of the New Mexico state court in examining those

issues and resolving those facts." Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc., Case No. 1:17-cv-00842 WJ/SCY, 2017 WL 5468670, at *6 (D.N.M. Nov. 14, 2017).

Finally, the state court proceedings provide a more efficient and comprehensive remedy, as it can decide both the coverage and duty issues presented by the declaratory judgment claim, the Vigils' claims against Liberty, and the liability issues presented by Jaramillo's claims. See City of Las Cruces, 289 F.3d at 1191 (finding that "[t]he state proceedings would produce a 'more comprehensive and cohesive' remedy, because the rights of all, including the parties to the federal action, would be decided"); GNB Trucking, 2017 WL 5468670, at *6 ("Because the state court case will be addressing [the relevant factual] matters, the state court provides a forum that is at least equivalent to that offered by allowing the action to proceed in federal court."); id. (finding that because the state court action "would decide the rights of all interested parties [it] would therefore be more comprehensive and efficient").

After weighing the relevant factors, the Court finds that abstention is merited.

**III.    Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. Plaintiff Liberty Insurance Corporation's Response in Opposition to Defendants' Joint Motion to Dismiss Pursuant to Brillhart/Mhoon Abstention, ECF No. 11, is **STRICKEN**;

2. Defendants' Joint Motion to Dismiss Pursuant to Brillhart/Mhoon Abstention, ECF No. 7, is **GRANTED**;

3. This case is **DISMISSED without prejudice**;

4. All other pending motions are **DENIED AS MOOT**; and

**5.** This case is now **CLOSED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE